IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| **CLAUDERICK WILLIAMS-DOTSON,** | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 16-2016-STA-dkv |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

---

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

---

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Clauderick Williams-Dotson ("Williams-Dotson"), Bureau of Prisons register number 23007-076, an inmate at USP Coleman Medium in Coleman, Florida (§ 2255 Motion, ECF No. 1.) For the reasons stated below, Williams-Dotson's § 2255 Motion is **DENIED**.

## BACKGROUND

**I.      Criminal Case Number 09-20190-BBD**

On May 28, 2009, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Williams-Dotson, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), one count of committing a robbery affecting interstate commerce in violation of 18 U.S.C. § 1951, and one count of knowingly using and carrying a firearm during and in relation to a crime of violence in violation of 18

U.S.C. § 924(c). (*See* Indictment, *United States v. Clauderick Williams-Dotson*, 2:09-cr-20190-1-STA (W.D. Tenn.), ECF No. 1.) As part of a plea agreement with the United States, Williams-Dotson pleaded guilty to the robbery charge at a change of plea hearing on July 27, 2011, and the United States agreed to dismiss both firearms counts at sentencing. On December 6, 2011, the Court sentenced Williams-Dotson to a term of imprisonment of 51 months to be followed by two years' supervised release and imposed a special assessment of $100. The Clerk entered judgment (ECF No. 48) on December 7, 2011. Williams-Dotson did not take a direct appeal.

B.  **Civil Case 16-2016**

On January 7, 2016, Williams-Dotson filed his *pro se* § 2255 Motion, raising a single claim for relief. According to the Motion, Williams-Dotson asked trial counsel to file an appeal but never heard from counsel again. On August 25, 2016, the Court directed the United States to respond to Williams-Dotson's petition, and the government filed its response on September 21, 2016. In its response, the United States argues that Williams-Dotson's § 2255 Motion is time-barred. Williams-Dotson's conviction became final shortly after the Court entered judgment in December 2011. Williams-Dotson did not bring his collateral attack until January 2016. The United States argues that Williams-Dotson has failed to explain this four-year delay or show why the Court should equitably toll the statute of limitations. The Court should therefore dismiss the petition as time-barred. Williams-Dotson did not exercise his right to file a traverse or reply to the government's brief.

## STANDARD OF REVIEW

Williams-Dotson seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[1] A § 2255 motion is not a substitute for a direct appeal.[2] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[3] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[4] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[2] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[3] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[4] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

3

outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[5]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[6] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[7]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[8] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[9] The petitioner is then entitled to reply to the government's response.[10] The habeas court may also direct the parties to provide additional information relating to the motion.[11] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[12]

---

[5] *Id.*

[6] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[7] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[9] *Id*.

[10] Rule 5(d), Section 2255 Rules.

[11] Rule 7, Section 2255 Rules.

[12] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## ANALYSIS

"A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run from the latest of four possible dates."[13]

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[14]

In this case, Williams-Dotson's petition is clearly time-barred. Assuming § 2255(f)(1) applies, the statute of limitations for Williams-Dotson' collateral attack began to run from the date on which the judgment of conviction became final. "A conviction becomes final when the time for direct appeal expires and no appeal has been filed."[15] The Court entered judgment on December 7, 2011, and Williams-Dotson did not take a direct appeal. The judgment against Williams-Dotson became final ten days later. Williams-Dotson then waited four years to file his § 2255 Motion. Williams-Dotson's collateral attack is untimely unless he can show some other paragraph of § 2255(f) applies.

Williams-Dotson asserts that he instructed counsel to appeal the judgment after sentencing in December 2011 and that counsel never did so. The Sixth Circuit considered a

---

[13] *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *Benitez v. United States,* 521 F.3d 625, 629 (6th Cir. 2008)).

[14] 28 U.S.C. § 2255(f); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

[15] *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

similar scenario in *Gillis v. United States* and how § 2255(f)(4) might apply under such circumstances to extend the one-year limitations period. Under 28 U.S.C. § 2255(f)(4), the one-year statute of limitations begins to run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Like Williams-Dotson, the petitioner in *Gillis* did not raise his collateral attack within a year of the judgment against him becoming final. And like Williams-Dotson, the petitioner in *Gillis* claimed he had instructed his attorney to file an appeal only to learn more than a year after the judgment had become final that his attorney had not carried out his instructions. Nevertheless, the Court of Appeals held that the petitioner had the burden to introduce facts about the date "when he could have discovered with due diligence that his direct appeal had not been filed" and concluded that the petitioner had failed to discharge this burden.[16] In much the same way, Williams-Dotson has not alleged any facts to show when he could have discovered with due diligence his attorney's failure to appeal. The Court holds then that Williams-Dotson has not shown how his § 2255 Motion is timely under § 2255(f)(4).

Finally, Williams-Dotson has not asserted any grounds for equitable tolling of the one-year statute of limitations for his § 2255 Motion. "[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."[17] The statute of limitations for motions

---

[16] *Id.* at 644–45 (holding that a petitioner had failed to establish the facts to support the application of § 2255(f)(4)).

[17] *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).

under § 2255 is subject to equitable tolling.[18] A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[19] "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis with the petitioner retaining the ultimate burden of persuading the court that he or she is entitled to equitable tolling."[20] Williams-Dotson has only cited the fact that he is a layman with no training in the law. Williams-Dotson has not shown that he pursued his rights diligently. On the contrary, Williams-Dotson has failed to account for the four years between his sentencing and the filing of his § 2255 Motion. Without some showing or allegation of due diligence, the Court declines to apply the doctrine of equitable tolling.

Having concluded that Williams-Dotson' Motion is time-barred, the § 2255 Motion must be **DISMISSED**.

**Appeal Issues**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[21] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that

---

[18] *Jefferson*, 730 F.3d at 549.

[19] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

[20] *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

[21] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

satisfy the required showing.[22] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[23] A COA does not require a showing that the appeal will succeed.[24] Courts should not issue a COA as a matter of course.[25]

In this case, for the reasons previously stated, the issue raised by Williams-Dotson lacks substantive merit and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[26] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[27] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[28] However, Rule 24(a) also

---

[22] 28 U.S.C. §§ 2253(c)(2) & (3).

[23] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[24] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[25] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

[26] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[27] *Id.* at 952.

[28] *See* Fed. R. App. P. 24(a)(1).

provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[29]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[30]

## CONCLUSION

Williams-Dotson' Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 was filed outside of the statute of limitations. Williams-Dotson has not shown why he is entitled to any relief. Therefore, Williams-Dotson' § 2255 Motion is **DISMISSED.**

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 16, 2016.

---

[29] *See* Fed. R. App. P. 24(a) (4)-(5).

[30] If Movant files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.